IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER MONTGOMERY, | ) |
| Plaintiff, | ) ) ) |
| and | ) ) |
| PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY, | ) ) ) ) Case No. CIV-19-896-D |
| Intervenor, | ) ) ) |
| v. | ) ) |
| R.G. EGAN EQUIPMENT, INC., *et al.*, | ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff's and Intervenor's Joint Motion to Bifurcate [Doc. No. 84], filed under Fed. R. Civ. P. 42(b). The Motion asks the Court to order separate trials of Plaintiff's claims against Defendants and Intervenor's lien claim on the ground that the movants will be unfairly prejudiced at trial if the jury learns that Plaintiff received worker's compensation insurance benefits for his injuries. Movants rely primarily on the collateral source rule, which renders inadmissible evidence that the plaintiff received compensation from someone other than the defendant for all or part of his damages, and on an alleged likelihood of jury confusion and unnecessary complexity of the trial issues. They argue that Intervenor's lien claim is wholly dependent on Plaintiff's recovery of damages from Defendants and that the amount of Intervenor's recovery, if any, is "based

upon a statutory formulaic calculation." *See* Joint Mot. at 2; *see also* Okla. Stat. tit. 85A, § 43(A). Intervenor expressly "agrees to be bound by the verdict rendered by a jury at trial." *See* Joint Mot. at 5.

In response, Defendants do not dispute that the collateral source rule applies or that, if liability is found, the jury's ability to make an impartial determination of Plaintiff's damages might be affected by learning he received insurance payments. Defendants also state they do not oppose in principle an order excusing Intervenor from participating in the jury trial. Defendants oppose bifurcation, however, on the ground that ordering a separate trial of Intervenor's claim might expose them to a second trial or a later appeal by Intervenor of the jury's verdict. Defendants state they "will only agree that [Intervenor] be excused from trial if the Order finds that the Intervenor specifically waives any right to a separate trial for its claim, any right to re-file its claim, or any right to appeal separately the jury verdict." *See* Defs.' Resp. Br. at 1. Defendants provide no legal argument or authority for the proposed waiver.

Rule 42(b) grants a district court discretionary authority to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for reasons of "convenience, to avoid prejudice, or to expedite and economize." In the Tenth Circuit, "[b]ifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003) (quoting *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)). There is one exception: "Regardless of efficiency and

separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo*, 11 F.3d at 964.

Upon consideration of the circumstances shown by the Joint Motion, Defendants' Response, and the case record, the Court finds that bifurcation of Plaintiffs' claims from Intervenor's lien claim is warranted. Plaintiff's product liability claims against Defendants raise issues of liability and damages for personal injuries that Plaintiff suffered when his right arm was pulled into an industrial machine. *See* Am. Compl. [Doc. No. 71]. Intervenor provided workers' compensation insurance to Plaintiff's employer and has a statutory lien under Okla. Stat. tit. 85A, § 43(A)(1)(c); Intervenor seeks to recover money out of any judgment that Plaintiff may obtain against Defendants to compensate Intervenor for payments made to Plaintiff or on his behalf. *See* Intervenor Compl. [Doc. No. 11]. During the litigation, Intervenor has neither disclosed any expert witness nor filed any lists of witnesses or exhibits. It appears that Intervenor's recovery is wholly dependent on Plaintiff's success on his claims, and that the issues raised by Plaintiff's and Intervenor's claims are distinct and separable. Further, excusing Intervenor from the jury trial of Plaintiff's claims will avoid any possible prejudice to Plaintiff from revealing the existence of insurance coverage and will simplify the trial issues.[1]

Defendants do not disagree with Movants' position regarding efficiency and separability. Nor do Defendants persuasively argue that the requested bifurcation is unfair or prejudicial to them. Therefore, the Court finds that it should exercise its discretion

---

[1] And in light of Intervenor's stipulation to be bound by a jury's verdict on Plaintiff's claims, a verdict in Defendant's favor will render Intervenor's lien claim moot.

3

under Rule 42(b) to order separate trials of Plaintiff's and Intervenor's separate claims for reasons of convenience and to avoid possible prejudice.

IT IS THEREFORE ORDERED that Plaintiff's and Intervenor's Joint Motion to Bifurcate [Doc. No. 84] is GRANTED. The Court orders a separate trial of Plaintiff's claims before any trial of Intervenor's lien claim. Should the trial of Plaintiff's claims against Defendants result in an award of damages to Plaintiff, the case will proceed to a second phase to resolve Intervenor's lien claim.

IT IS SO ORDERED this 7th day of January, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge